NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WENJIN YANG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   16-72605

Agency No. A205-178-122

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 20, 2020
Honolulu, Hawaii

Before:  WALLACE, BEA, and BENNETT, Circuit Judges.
Concurrence by Judge WALLACE

Wenjin Yang (Petitioner), a citizen of China, petitions for review of a Board

of Immigration Appeals' (BIA) decision which affirmed an Immigration Judge's

(IJ) denial of his application for asylum and withholding of removal.  We deny the

petition.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's legal conclusions de novo. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We review the agency's factual findings for substantial evidence. *Sinha v. Holder*, 564 F.3d 1015, 1020 (9th Cir. 2009). Substantial evidence means the agency's factual finding is "supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003).

Petitioner argues he had been persecuted by officials in China because he was fined and beaten after he intervened when officials tried to take his wife for a forced abortion. The IJ found that Petitioner was not credible. The IJ also found that even if Petitioner's testimony had been credible, he had not suffered harm which rose to the level of persecution on account of a protected ground. Thus, he was not eligible for asylum and withholding of removal.

Petitioner has the burden to show he is eligible for asylum, and he must demonstrate he has suffered past persecution on account of a protected ground. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); 8 U.S.C. § 1101(a)(42). Persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive." *Id*. (citation omitted). "[A]n alien is not per se entitled to refugee status solely upon the fact that his spouse was forced to undergo an abortion or sterilization." *Nai Yuan Jiang v. Holder*, 611

F.3d 1086, 1091 (9th Cir. 2010) (citation omitted).  A spouse's forced abortion fulfills only part of the alien's burden to prove persecution.  *Ming Xin He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014).  The alien must, therefore, demonstrate he was persecuted because of his "other resistance" to the population control program.  *Id*.

Petitioner testified he was involved in two physical altercations with family planning officials and police, over a two-day period, when the officials tried to take Petitioner's wife forcibly for an abortion.  Petitioner testified that over those two days, he was pushed, shoved to the ground, and placed in a vehicle for arrest.  These physical altercations do not constitute persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1020–21 (9th Cir. 2006) (holding there was no persecution where there was a single incident of a half day detention, interrogation for two hours, and beating that did not require medical treatment); *Prasad v. I.N.S.*, 47 F.3d 336, 339–40 (9th Cir. 1995) (holding there was no persecution where Prasad was detained in a police cell for 4-6 hours, hit in the stomach, kinked from behind, and interrogated, but he was not charged and was eventually released); *cf. Guo* v. *Ashcroft*, 361 F.3d 1194, 1197–98 (9th Cir. 2004) (holding there was persecution were Guo was arrested and detained for 15 days, beaten, kicked, and shocked with an electrical baton).

Petitioner testified that one official, the village head, was belligerent during the incident in 2004, and Petitioner used his fist to hit the village head in the mouth on both days and broke the village head's tooth. Petitioner wrote in his statement that in 2008 or 2010, when the village head had been promoted to secretary, he fined Petitioner 100,000 RMB because Petitioner broke his tooth.[1]

"We have recognized that purely economic harm can rise to the level of persecution where there is 'a probability of deliberate imposition of substantial economic disadvantage' upon the applicant on account of a protected ground." *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (quoting *Chand v. INS*, 222 F.3d 1066, 1074 (9th Cir. 2000)). Here, Petitioner stated the village head fined Petitioner, years later, because Petitioner broke the village head's tooth, not because Petitioner resisted the coercive population control policy, although the altercation took place when Petitioner physically resisted the policy. Ultimately, Petitioner's statement shows there was no nexus between the fine and a protected ground.

Petitioner's physical injuries were minimal, and his own testimony is that the fine was not imposed because of his resistance to the coercive population control policy. We affirm the denial of relief because Petitioner has not

---

[1] "Last year, I tried to ask someone to handle this matter but the official said that I broke his tooth, unless I pay him ONE HUNDRED THOUSAND RMB or else if they see me, they will arrest me." (emphasis original).

demonstrated he provided evidence which compels the conclusion that he suffered harm which amounts to persecution because of a protected ground.[2]

**PETITION FOR REVIEW DENIED.**

---

[2] We can decide this case without deciding whether the IJ's adverse credibility finding was supported by substantial evidence or whether a fine of 100,000 RMB for a man in Petitioner's circumstances would constitute economic persecution had the fine been levied as punishment for resistance to coercive population control policies. "[I]f it is not necessary to decide more, it is necessary not to decide more." *PDK Labs., Inc. v. Drug Enforcement Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment).

*Yang v. Barr*, No. 16-72605
WALLACE, Senior Circuit Judge, concurring:

I fully concur with the majority that Yang's petition should be denied. However, my conclusion also rests on the substantial evidence supporting the Immigration Judge's (IJ) adverse credibility determination.

Yang submitted numerous written statements, including: his statement from his asylum application and his supplemental statement for the IJ; his wife's statement; his daughter's statement; and his younger brother's statement. He also testified before the IJ, as well as provided country reports and official Chinese documents. Only Yang testified at his merits hearing. There were numerous discrepancies in his evidence, both between his written statements and his testimony, as well as within his testimony. The IJ questioned Yang to give him an opportunity to explain the discrepancies, but he only augmented the inconsistencies. The IJ found, and the Board of Immigration Appeals (Board) affirmed, that Yang was not credible due to these inconsistencies. In the end, the adverse credibility finding is supported by substantial evidence.

"[U]nder the REAL ID Act credibility findings no longer need to go 'to the heart of the applicant's claim." *Shrestha v. Holder*, 590 F.3d 1034, 1046 (9th Cir. 2010), *quoting* 8 U.S.C. § 1158(b)(1)(B)(iii). Nonetheless, an inconsistency that goes to the heart of the claim "is of great weight." *Id*. at 1047 (holding that Shrestha's asserted fear of the Maoists formed the crux of his application for relief,

so that the inconsistency in his testimony about the Maoists' inquiries as to his whereabouts went to the heart of his asylum claim).  Here, the IJ observed material inconsistencies between Yang's testimony and his submitted record on the details surrounding his wife's second forced abortion, specifically two alleged altercations.

Yang wrote in his asylum application that he had a physical altercation with Chinese family planning officials and the village head during the first encounter, so that village police joined the officials during the second encounter to arrest him for assault and to detain his wife for the abortion.  Yang did not reference any violence against him during the second encounter.  Yang wrote in his supplemental statement to the IJ that his wife had the forced abortion, but he did not mention a physical altercation or provide any details about an altercation.  Yang's testimony before the IJ shifted multiple times regarding the altercation, and he eventually asserted that he punched the village head during both encounters so that the man lost a tooth.  The Board affirmed the IJ's adverse credibility determination citing the inconsistencies between his accounts of the alleged physical altercation.

Ultimately, Yang's attempt to clarify the discrepancy only muddied the waters further.  *See Manes v. Sessions*, 875 F.3d 1261, 1264–65 (9th Cir. 2017) (holding that the inconsistency between the testimony and the documentary evidence bore directly on the petitioner's claim, so that the Board could afford it substantial

2

weight). Nothing in the record compels a conclusion that the adverse credibility finding was erroneous.

I also concur that Yang has not established past persecution for the reasons stated by the majority.